**UNITED STATES of America**

**v.**

**COMMONWEALTH OF VIRGINIA, DEPARTMENT OF HIGHWAYS AND TRANSPORTATION.**

**Civ. A. No. 82–0933–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 1, 1983.

See also, D.C., 554 F.Supp. 268.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., Elsie L. Munsell, U.S. Atty., Alexandria, Va., Wm. Bradford Reynolds, Asst. Atty. Gen., David L. Rose, Katherine P. Ransel, Teresa D. Johnson, Marybeth Martin, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., for plaintiff.

Gerald L. Baliles, Atty. Gen. of Va., John S. Morris, III, Asst. Atty. Gen., Richmond, Va., for defendant.

OPINION

WARRINER, District Judge.

Having carefully reviewed the affidavits and brief filed on 28 February 1983 with the amended consent decree, the Court is convinced that the criteria set forth by the Fourth Circuit in *Carson v. American Brands,* 606 F.2d 420, 430 (4th Cir.1979), have been met.

As Attachment 4 to its brief in support of the amended consent decree, the United States filed a copy of its brief previously filed in the Fifth Circuit in *Williams v. City of New Orleans,* No. 82–3435 (5th Cir., filed January 10, 1983). The Fifth Circuit brief was filed almost simultaneously with the opinion issued by this Court rejecting the original consent decree, and it is thus unlikely that the government's brief was affected by this Court's opinion. The government's Fifth Circuit brief, however, makes clear the view already held by the government that quotas, under any euphemism, and preferences to non-victims, no matter how structured, are not permissible under the statutes and, in the case of State and local governments, are prohibited by the Constitution.

Thus this Court's criticism of the government's purpose and intent in tendering the original consent decree was misplaced. 554 F.Supp. 268. The government's error was not in its purpose or intent. The error was in drafting the original decree or in reviewing that draft. The original consent decree quite clearly imposed quotas. The amended consent decree quite clearly does not.

**100**

The amended consent decree retains the requirement that the Commonwealth seek out and recompense those who may have been the victims of past sex and race discrimination. It also requires, quite properly, that the Commonwealth intensify its recruitment of females and blacks in view of their historical exclusion from many areas of highway work. But the decree makes clear, in obedience to statute and the Constitution, that employment decisions must not be based on race and sex.

Whoever gets ahead in the Virginia Department of Highways under this decree can rest assured that he or she, black or white, earned it on merit.

The amended consent decree will be entered.

And it is so ORDERED.